**RAMZY PAUL LADAH**
Nevada Bar No. 11405
**CARL R. HOUSTON**
Nevada Bar No. 11161
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA SUE SATCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC.; DOE DRIVER; DOES II through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-01201-KJD-VCF<br><br>**PLAINTIFF'S MOTION TO REMAND** |

BRENDA SUE SATCHELL ("Plaintiff" or "Brenda"), by and through her attorneys of record, the LADAH LAW FIRM, hereby files this Motion to Remand ("Motion") this action back to the Eighth Judicial District Court of the State of Nevada ("State Court"). Plaintiff bases this Motion on 28 U.S.C. § 1441(b)(2), the pleadings and papers on file herein, the memorandum of points and authorities set forth below, and any oral argument that the court may entertain at the time of hearing on this matter, if any.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should grant Plaintiff's Motion because 28 U.S.C. § 1441(b)(2)("Forum Defendant Rule), prevents Defendants from removing this action to federal court. This case arises from an incident in which Plaintiff sustained injuries when alleged Clark County resident, Jose, recklessly operated a vehicle while working for Lyft, Inc. As analyzed *infra*, federal statutory and case law prohibit Defendants' misplaced attempt to remove Plaintiff's case. Accordingly, Plaintiff requests that this Court grant her motion in its entirety and issue an order remanding this case back to State Court.

## II. FACTUAL BACKGROUND

In July 2018, Brenda—along with some friends and family—visited Las Vegas, Nevada, for vacation. Specifically, on July 25, 2018, Brenda's friend requested a Lyft ride, which summoned a Lyft driver named "Jose" (aka "Defendant Driver"), who arrived at their Fremont Street pick-up location. Defendant Driver, however, stopped at least 20-30 feet ahead of Brenda's party, which caused them to hustle to enter his vehicle. As Brenda attempted to enter Defendant Driver's vehicle, he sped off while the right half of Brenda's body remained outside. Luckily, for Brenda, two of her friends grabbed Brenda's left arm, which caused her body to jolt between the vehicle's interior and exterior for several moments. Defendant Driver finally stopped his vehicle following multiple screams for him to do so, which resulted in Brenda's right side colliding into the vehicle.

Plaintiff has attempted to obtain additional information regarding the Defendant Driver to identify—and name—him as a defendant in this case. However, to no avail. Most recently, on June 24, 2020, the undersigned requested that Defendants provide information regarding Defendant Driver by July 8, 2020, due to Plaintiff's stated intent on filing this Motion. **Exhibit 1**, Houston Affidavit. The undersigned requested the same information during the parties' FRCP 26(f)

conference on July 24, 2020—again to no avail. Id. Plaintiff, however, upon information and belief (as well as common sense), alleged that Defendant Driver was a Clark County, Nevada resident—especially considering that Defendants have proffered no evidence to the contrary—when Plaintiff filed her Complaint. Id.; *see also* **Exhibit 2**, Complaint at ¶ 2.

### III. LEGAL STANDARD

As this court is well aware, federal courts have limited jurisdiction. As a fellow district court clearly noted:

> The Ninth Circuit has held that there is a "**strong presumption against removal jurisdiction**," which "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also* Luther v. Countrywide Homes Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008) ("[R]emoval statutes are strictly construed against removal."); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("**Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance**.") (Emphasis added)

SWC Inc. v. Elite Promo Inc., 234 F. Supp. 3d 1018, 1021 (N.D. Cal. 2017). Simply put, Defendants possess the burden of demonstrating that removal to federal court is proper, which as detailed below, Defendants cannot do.

### IV. LEGAL ARGUMENT

Consistent with the foregoing, the "Forum Defendant Rule" prevents Defendants from removing this case federal court. 28 U.S.C. § 1441(b)(2) provides in pertinent part:

> **(b) Removal based on diversity of citizenship (1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)[1] of this title **may not be removed if any of the**

---

[1] 28 U.S.C. § 1332(a) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) Citizens of different States; (2) Citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a

**parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought** (emphasis added)

This Forum Defendant Rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006).

A California federal court aptly concluded that the "purpose of the forum defendant rule is tied to the purpose of diversity jurisdiction, which is to "protect out-of-state defendants from possible prejudices in state court."" Elite Promo, 234 F. Supp. 3d at 1022 (citing Lively, 456 F.3d. at 942), further concluded the following about in-state defendants:

> **Where the defendant is a resident of the state in which the case is brought, "the need for such protection is absent." By preventing a local defendant from removing on the basis of diversity jurisdiction, the forum defendant rule "allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court" on the ground that the defendant is a resident of the forum.** Since the forum defendant rule is procedural rather than jurisdictional, a plaintiff must file a motion to remand on this basis within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).")(Emphasis added)

Id. at 1022. *See also* Carrington Mortg. Servs., LLC v. Ticor Title of Nevada, Inc., No. 220CV699JCMNJK, 2020 WL 3892786, at *2 (D. Nev. July 10, 2020)(acknowledging the foregoing language). Other courts have similarly concluded that when it is "***clear that [there is] the presence of a local defendant at the time removal, [it] bars removal***." Spencer v. U.S. Dist. Court for N. Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004)(emphasis added); *see also* DHLNH, LLC v. Int'l Bhd. of Teamsters, Local 251, 319 F. Supp. 3d 604, 606 (D.R.I. 2018)(finding that the forum

---

foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) Citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) A foreign state

defendant rule precludes removal even before service as it would contravene "the purpose of § 1441(b)(2) and would lead to an absurd result").

In this case, the analysis is simple when we strip away Defendant Lyft's reluctance to provide any identifying information regarding Defendant Driver.  First, there is an insufficient basis to overcome the Ninth Circuit's "strong presumption" against removal from State Court. Pursuant to Hunter, the ambiguity regarding Defendant Driver's residency alone precludes Defendants from satisfying their removal of burden.  Second, this Court should reject federal jurisdiction under Gaus and 28 U.S.C. § 1441(b)(2), because there is substantial doubt regarding Defendants' right to remove this case in light of the fact that Plaintiff alleges that Defendant Driver is a state resident. Stated differently, common sense supports the logical conclusion that Defendant Driver would not travel from out-of-state to drive for Lyft in Las Vegas on July 25, 2018. Defendants' failure to proffer any evidence refuting Plaintiff's allegation that Defendant Driver was a Nevada resident, which would trigger the Forum Defendant Rule and preclude removal akin to Lively and Elite Promo, corroborate the foregoing.  Third, precluding removal would comport with Nevada's Carrington case, but also Spencer because it is clear that Defendant Driver is a local defendant that would bar removal. Indeed, under DHLNH, permitting Defendants to circumvent the Forum Defendant Rule by not providing Defendant Driver's information would lead to an absurd result that would permit future defendants from improperly controlling the forum.   Therefore, this Court should construe Plaintiff's allegation that Defendant Driver was a state resident as true, and issue an order remanding this case under 28 U.S.C. § 1441(b)(2).

///

## V. CONCLUSION

Based on the foregoing, Plaintiff requests that this Honorable Court grant her Motion and issue an order remanding this case to State Court.

DATED this 24th day of July 2020.

                    **LADAH LAW FIRM**

                    */s/ Ramzy Paul Ladah*

                    _____
                    RAMZY PAUL LADAH
                    Nevada Bar No. 11405
                    CARL R. HOUSTON
                    Nevada Bar No. 11161
                    517 S. Third Street
                    Las Vegas, NV 89101
                    *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), on this 24th day 2020, a true and complete copy of **PLAINTIFF'S MOTION TO REMAND** was served on the following interested parties by the action(s) indicated below:

> Dana Jonathon Nitz
> SELMAN BREITMAN LLP
> 3993 Howard Hughes Parkway, Suite 200
> Las Vegas, Nevada 89169
> *Attorneys for Defendant,*
> *Lyft, Inc.*
> **T: 702-228-7717**
> **Email: dnitz@selmanlaw.com**

Method of Service

☐ **U.S. First Class Mail:** I deposited a true and correct copy of said document(s) via U.S. First Class mail, with postage pre-paid.

☐ **Facsimile:** I caused said document(s) to be transmitted by facsimile transmission. The sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified above.

☒ **Electronic Service:** I caused said document(s) to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system.

/s/ Tressy Kip
An employee of Ladah Law Firm

