UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENDA SUE SATCHELL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LYFT, INC.; DOE DRIVER; DOES II through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:20-cv-01201-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand (#9). Defendant responded in opposition (#14) to which Plaintiff replied (#15).

I.　　Factual and Procedural Background

In July 2018, Plaintiff Brenda Satchell ("Satchell") was visiting Las Vegas on vacation with friends and family. (#9, at 2). One of Satchell's friends requested a ride from the ride-sharing company Lyft. Id. Shortly thereafter, a Lyft driver known as Jose arrived at the pick-up location at or around Fremont Street. Id. The driver did not stop directly in front of Satchell and her party, causing them to walk 20-30 feet to the car. Id. As Satchell attempted to enter the car, Jose began to drive away. Id. Satchell was caught halfway inside the vehicle as it started moving, while her friends urged Jose to stop the car. Id. Jose eventually stopped the car and Satchell's right side collided with the vehicle, causing injury. Id.

Satchell retained counsel and filed this action in Nevada state court on May 15, 2020. (#9-2, at 7). Satchell's complaint listed three causes of action: "negligence/negligence per se," "negligent entrustment/joint & several liability/agency respondeat superior/vicarious liability," and "negligent hiring, training, supervision, retention and policies/procedures." Id. at 3–5. Satchell prayed for relief for general and special damages exceeding $15,000, interest and costs

1  incurred in bringing the suit, attorneys' fees, and any other relief the court deemed proper. Id. at
2  7. Defendant was served a copy of the complaint on May 26, 2020 and filed its petition to
3  remove on June 25, 2020. (#1, at 1). Defendant's petition for removal states that diversity exists
4  because Plaintiff is a resident of Nevada and Defendant is a Delaware corporation with its
5  principal place of business in California. Id. at 2. Plaintiff is actually a citizen of Oregon, but
6  diversity still exists between the parties. (#9-2, at 1). Plaintiff filed this motion to remand on July
7  24, 2020. (#9, at 6).

8      II.    Legal Standard

9  A defendant may remove a civil action "brought in a State court of which the district
10 courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal based on
11 diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is
12 diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68
13 (1996). The removing party "bears the burden of establishing federal jurisdiction" and "the
14 removal statute is strictly construed against removal jurisdiction." Ethridge v. Harbor House
15 Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). "A civil action otherwise removable solely on
16 the basis of jurisdiction under [diversity] may not be removed if any of the parties in interest
17 properly joined and served as defendants is a citizen of the State in which such action is
18 brought." 28 U.S.C. § 1441(b)(2).

19     III.    Analysis

20 The plain language of the removal statute supports Defendant's arguments regarding why
21 removal was appropriate. At the time of removal, the identity and citizenship of the driver was
22 unknown. Plaintiff merely knew him as Jose and believed, in good faith, that the driver working
23 in the Las Vegas area was a resident of Nevada. Therefore, the known defendants in the case
24 were Satchell, a resident of Oregon, and Lyft, a Delaware corporation with its principal place of
25 business in California. The driver was named as a doe defendant. As the statute mandates, when
26 determining if an action is removable based on diversity jurisdiction, "the citizenship of
27 defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Because
28 the driver was sued under a fictitious name, his citizenship was disregarded, and complete

1  diversity existed. However, Plaintiff argues that Defendant knew the driver was a citizen of
2  Nevada and refused to provide Plaintiff with the driver's information. Actions removable on the
3  basis of diversity "may not be removed if any of the parties in interest properly joined and served
4  as defendants is a citizen of the State in which such action is brought." Id. at 1441(b)(2). This is
5  known as the forum defendant rule, and its purpose is "tied to the purpose of diversity
6  jurisdiction, which is to 'protect out-of-state defendants from possible prejudices in state court.'"
7  SWC, Inc. v. Elite Promo, Inc., 234 F.Supp.3d 1018, 1022 (N.D. Cal. 2017) (quoting Lively v.
8  Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006)). The driver was not properly joined
9  and served at the time of removal. Therefore, according to the plain language of the statute,
10 removal was proper. However, now that it is known that the driver is a citizen of Nevada,
11 Plaintiff requests that the Court enforce the forum defendant rule and remand the case to state
12 court. Plaintiff argues that a defendant may not intentionally withhold the identity of a fictitious
13 defendant to avoid the forum defendant rule and remove to federal court.

14       While the removal statute "is strictly construed against removal jurisdiction," Defendant
15 met its burden and removal was proper. Ethridge, 861 F.2d at 1393. Congress's intent is clear
16 from the plain language of the statute. The "citizenship of defendants sued under fictitious names
17 shall be disregarded for purposes of removal." Newcombe v. Adolf Coors Co., 157 F.3d 686,
18 690 (9th Cir. 1998). Defendant was "under no legal obligation to disclose the [driver's] identity
19 prior to discovery." Id. Plaintiff argues that Defendant was late in supplying its Rule 26 initial
20 disclosures and should not be rewarded for preventing Plaintiff from discovering the driver's
21 identity. However, those disclosures are not due prior to removal, and Defendant was under no
22 obligation to provide such disclosures prior to removing the case. Additionally, Plaintiff's
23 argument that the forum defendant rule prohibits removal fails because "[t]he forum defendant
24 rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." Spencer v.
25 U.S. Dist. Ct. for N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004). At the time the notice of
26 removal was filed, there was no forum defendant to prevent removal. As was the case in
27 Spencer, "[b]ecause no local defendant was a party to the action at [the time of removal], and
28 given the preservation of complete diversity of the parties thereafter," removal was appropriate.

Id.

Because complete diversity exists, removal does not consider the citizenship of fictitious parties, and the forum defendant rule was satisfied at the time of removal, remand to state court would be improper.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#9) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Supplement Briefing on Motion to Remand (#20) is **DENIED**.

Dated this 25th day of January, 2021.

_____
Kent J. Dawson
United States District Judge